UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IC FREDERICK CHRISTY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19-4070 |
| | ) | |
| HAMILTON POLICE | ) | |
| DEPARTMENT, *et al.* | ) | |
| | ) | |
| Defendants. | | |

**MERIT REVIEW AND CASE MANAGEMENT ORDER**

The plaintiff, proceeding *pro se*, was granted leave to proceed *in forma pauperis*. The case is now before the court for a merit review of plaintiff's claims. The court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff alleges that he was arrested for driving under the influence on January 2, 2017, following a vehicle collision. Plaintiff alleges that the arresting officer took him to the hospital for a chemical test to determine Plaintiff's blood alcohol level, but that the arresting officer did not otherwise permit Plaintiff to stay at the

hospital to receive treatment.  Plaintiff alleges that county jail officials also denied him medical treatment.  Plaintiff alleges that he bonded out two days later, returned to the hospital, and learned that he would have to have reconstructive face surgery.

Plaintiff filed this lawsuit on April 1, 2019.  "Section 1983 suits in Illinois have a two-year statute of limitations, which is tolled while the prisoner exhausts the administrative grievance process."  *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2014) (citation omitted); *Liberty v. City of Chicago*, 860 F.3d 1017, 1019 (7th Cir. 2017).  Plaintiff alleges the denial of medical treatment that allegedly occurred during his two-day detention in the Hancock County Jail following his arrest.  Once released, the administrative remedies at the jail would not have been available to Plaintiff, and no inference arises that the limitations period would have been tolled during this time.

Plaintiff did not file this case within the applicable limitations period, and, therefore, Plaintiff's claims are time-barred.  This case will be dismissed.  *Sidney Hillman Health Ctr. of Rochester v. Abbott Laboratories, Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) ("[I]f a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground." (citations omitted)).

**It is therefore ordered:**

1) **Plaintiff's complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Any amendment to the Complaint would be futile.  This case is therefore terminated.  All pending motions are denied as moot.  The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.**

2) **This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).  The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log.**

**3)** Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

**4)** If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

Entered this 10th day of June, 2019

/s/ Harold A. Baker

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE